FILED by __MM__ D.C.

Jan 9, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**23-20012-CR-MORENO/GOODMAN**

CASE NO. _____

18 U.S.C. § 1960
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

v.

CARLOS BATISTA DE OLIVEIRA NETO,

      **Defendant.**
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. The defendant, **CARLOS BATISTA DE OLIVEIRA NETO**, was a resident of the State of Florida.

2. Pursuant to Title 18, United States Code, Section 1960(b)(2), the term "money transmitting" includes transferring funds on behalf of the public by any and all means, including but not limited to, transfers within this country by wire, check, draft, facsimile or courier.

3. Title 18, United States Code, Section 1960(b)(1)(A) requires money transmitting businesses, which affect interstate or foreign commerce, to operate with an appropriate money transmitting license in a state where such operation is punishable as a misdemeanor or felony under state law.

4. Money transmitters operating in the State of Florida were required to operate under Florida law, and operating a money transmitting business without authorization was

punishable as a misdemeanor or felony under Florida law.

5.  At no time relevant to this information did the defendant, **CARLOS BATISTA DE OLIVEIRA NETO**, register with the State of Florida to obtain a license from the State of Florida to operate a money transmitting business.

## Unlicensed Money Transmitting Business
## (18 U.S.C. § 1960)

1.  Paragraphs 1 through 5 of the General Allegations section of this Information are realleged and incorporated by reference as if fully set forth herein.

2.  From in or around January 2018, through in or around October 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**CARLOS BATISTA DE OLIVEIRA NETO,**

did knowingly conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section 1960(b), by transferring funds on behalf of the public, by any and all means including wire, check, and courier, which affected interstate and foreign commerce, and which was operated without an appropriate money transmitting license in a state, that is, Florida, where such operation was punishable as a felony, and failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330 and the regulations prescribed thereunder, in violation of Title 18, United States Code, Section 1960(a) and 2.

## FORFEITURE
## (18 U.S.C. § 982(a)(1))

1.  The allegations in the sole count of this Information are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of

2

America of certain property in which the defendant, **CARLOS BATISTA DE OLIVEIRA NETO**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1960, the defendant, **CARLOS BATISTA DE OLIVEIRA NETO**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violation.

All pursuant to Title 18, United States Code, Section 982(a)(1), and the procedures set forth at Title 21, United States Code, Section 853 as made applicable through Title 18, United States Code, Section 982(b)(1).

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

CARLOS BATISTA DE OLIVEIRA NETO,

　　　　　　　　　Defendant.
　　　　　　　　　　　　　　　　　/

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) (Yes or No) _____
Number of New Defendants ____
Total number of New Counts ____

**Court Division** (select one)
☑ Miami　　☐ Key West　　☐ FTP
☐ FTL　　　☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect: _____

4. This case will take **0** days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)　　　　　　　(Check only one)
   I　☑ 0 to 5 days　　　　　　☐ Petty
   II　☐ 6 to 10 days　　　　　☐ Minor
   III　☐ 11 to 20 days　　　　☐ Misdemeanor
   IV　☐ 21 to 60 days　　　　☑ Felony
   V　☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) **No**
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) **Yes**
   If yes, Judge **Scola** Case No. **22-20602-CR-RNS**

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the **Western** District of **Wisconsin**

12. Is this a potential death penalty case? (Yes or No) **No**

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: _____
Michael N. Berger
Assistant United States Attorney
Court ID No.　A5501557

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: CARLOS BATISTA DE OLIVEIRA NETO

**Case No**: _____

Count #: 1

Prohibition of Unlicensed Money Transmitting Business

Title 18, United States Code, Section 1960
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.